PETER LANDIS v. JAMES H. MARSH ET AL.

1. ESTATE BY CURTESY EXTINGUISHED BY DEATH OF CLAIMANT'S WIFE BEFORE LIFE TENANT.

An estate by curtesy cannot be had in lands, the possession for life of which was held by intestate's widow who died in 1895, nearly twenty years after the death of claimant's wife, a daughter of intestate, such daughter's having no estate in, or right to, possession therein at her death, the husband's right was thereby extinguished.

2. PETITION FOR ASSIGNMENT OF CURTESY IS DEMURRABLE.

Demurrer lies to a petition to assign curtesy in land for the reason that no such proceeding is now known to the law, and when it appears that the claimant is not a remainderman or in possession as required by Gen. Code 11901, the action cannot be sustained as one to quiet title.

[Syllabus approved by the court.]

APPEAL from common pleas court.

*Benjamin F. James,* for plaintiff.
*E. M. Fries,* for defendant.

KINKADE, J. (Orally.)

This is an action said to have been brought for the purpose of having assigned an estate by curtesy belonging to Peter Landis. The plaintiff alleges that in 1866 one David Adams died intestate, the owner of the property mentioned in the petition. That at the time he had nine children, one of them being the wife of the plaintiff, to whom plaintiff was married some four months after the death of Mr. Adams.

The plaintiff claims that the wife of David Adams, Lucinda Adams, held for life the property described in the petition, and that she died in 1895. The plaintiff's wife died in 1877, and the plaintiff now says that his wife having died and the holder of the life estate having died, he is entitled to an estate for life in the one-ninth interest of the property described in the petition.

The defendant answers, admitting some of the things al-

leged and denying others, and then sets up the fact that when David Adams died he was the owner of a large amount of land, including therein the 144 acre tract described in the petition, and that shortly after the marriage of his daughter, Sarah L. Adams, to the plaintiff here, that the heirs all joined in a conveyance of the property mentioned in the petition, to the wife of David Adams as and for her dower, she releasing dower in all the balance of the property, and it is said further in the answer that from that time of the execution of that conveyance in the year 1866 down to 1895, the wife of David Adams remained in possession of all the property described in the petition.

It is stated as a third defense that if the plaintiff had any right by way of an estate by curtesy in this property that it arose in the year 1877 at the time of the death of his wife; that he had known all of the facts incident to the situation from that time to this; that the other defendants named in the action have been in open, notorious and adverse possession of the property since 1877 and that consequently the rights of this plaintiff in this action are barred by the statute of limitations.

There was a reply filed to the answer. A demurrer was first filed to this petition on the ground that it did not state facts sufficient to constitute a cause of action. The court overruled the demurrer and then upon the final hearing of the case rendered judgment in behalf of the defendants. Notice of appeal was given by the plaintiff and the case is here on error to reverse the judgment of the court of common pleas.

We think there is but one question to decide in this case and that is whether Sarah Landis at the time of her death had such an estate in this property as that her husband succeeded to an estate by curtesy upon her death. It is contended on behalf of the plaintiff that she had, and on behalf of the defendants in error that she had not.

It is said in behalf of the defendants in error that she must either have had a possession at the time of her death, or the right of possession. It is conceded that if she did have either,

Landis v. Marsh.

the plaintiff would be entitled to recover in this action, barring one or two other matters I will mention later—but on that particular question the plaintiff would be entitled to recover if she did have an estate in possession, or right to possession at the time of her death.

We are fully in accord with all that was said by Judge Thurman in the case of *Borland* v. *Marshall,* 2 Ohio St. 308, where he says that every reason obtains for holding that an estate by curtesy is entitled to as much consideration and protection at the hands of courts as any other interest or estate in lands.

This matter is very fully discussed by Judge Thurman and we are very fully in accord with what is stated there in the opinion. It is of no moment what our opinion might be if this were a new question presented to the court. We think it has been settled by the decisions in Ohio what the law is on this subject, and it is our duty to decide this case according to the law as we find it settled, no matter how many reasons anyone may be able to assign why it might be better if it were other than as it is.

We call attention to the case of *Moore* v. *Iles,* 9 Circ. Dec. 418 (16 R. 591), and also the case of *Watkins* v. *Thornton,* 11 Ohio St. 367, to which our attention has been called. The syllabus in *Watkins* v. *Thornton, supra,* is short and reads as follows:

"In order to give a right by the curtesy in the wife's lands, it is not sufficient that the wife was seized of an estate of inheritance therein during the coverture. She must also have had a right to the present possession of the freehold. Hence, it is the settled rule of law, that a husband can not be tenant by the curtesy of a remainder, expectant upon an estate for life, unless the latter be determined during the coverture."

The estate for life in the case at bar was not determined during coverture. The wife died in 1877. The life tenant died in 1895; that being true it is our opinion that the estate of curtesy in the husband was thereby extinguished; that on the termination of the life estate there was no existing estate of

curtesy resting in the husband. We think that the case of *Watkins* v. *Thornton, supra,* determines the issue here.

It was stated in argument here that the court of common pleas while agreeing with the proposition of counsel for defendants in error that there was no such proceeding known to the law as an assignment of an estate in curtesy, still held that it was proper to overrule this demurrer to the petition for the reason that it might be treated as an action to quiet title. Plaintiff is not a remainderman; he does not come in under that clause of the·statute. He is not in possession and therefore had no right to bring an action to quiet title. Nobody out of possession can bring an action to quiet title under the statute except those who hold an interest in remainder. The life estate had passed away; the wife had died, and whatever interest he had was a present interest and he was not in possession. Gen. Code 11901 is the section that provides who may bring the action to quiet title. It says:

"An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an estate or interest therein, adverse to him for the purpose of determining such adverse estate or interest; or such action may be brought by a person out of possession, having, or claiming to have, an estate or interest in remainder or reversion in real property, against any person who claims to have an estate or interest therein, adverse to him, for the purpose of determining the interests of the parties therein."

I call attention to another feature of this case, and that is, that it is very doubtful whether this petition presents the question of the other defendants holding this title adverse to the plaintiff. We think the petition is insufficient in that regard, and on that account the demurrer filed might have been properly sustained.

The court overruled the demurrer however, and resting our decision upon the case cited in *Watkins* v. *Thornton,* 11 Ohio St. 367, and the case of *Hershizer* v. *Florence,* 39 Ohio St. 516, we hold that the judgment of the court of common pleas was correct, and must be affirmed.

**Wildman** and **Richards, JJ.,** concur.